IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

MARY BRICCO, DAVID O'LEARY, ROCK COUNTY
JANE/JOHN DOE COURT CLERK; MANAGERS,
STATE OF WISCONSIN, and DIRECTOR OF STATE
COURTS JOHN/JANE DOE,

                Defendants.

OPINION and ORDER

23-cv-766-jdp

---

Plaintiff Timothy Lee Stewart, Sr., without counsel, alleges that members of the Rock County district attorney's office and unnamed court personnel conspired with his neighbor and Janesville police to repeatedly falsely charge him with crimes.

The next step is for me to screen Stewart's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for Stewart's failure to state a claim that can be heard in this court.

Much of the complaint reiterates Stewart's longstanding belief that his landlord, neighbors, and law enforcement officers are conspiring to violate his rights. As I have told Stewart in several other cases, his allegations do not support plausible claims that these individuals are working together to harm him. What's different about Stewart's current complaint is that he names as defendants only members of the Rock County district attorney's

office and unnamed court personnel, and he states that he has repeatedly been falsely charged with crimes. But prosecutors "are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). He doesn't include any allegations suggesting that court staff has violated his rights.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But here, dismissal of the case is appropriate because I see no allegations suggesting that Stewart could amend his complaint to state a claim for relief in federal court.

Stewart has also filed a document he calls a request for "change of venue" from the "federal courthouse to F.B.I. Civil Rights Police Prosecution." Dkt. 2, at 1. I will deny this motion because I am dismissing the lawsuit and because there's no reason to forward his complaint or other filings to the FBI.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.
2. Plaintiff's motion for "change of venue," Dkt. 2, is DENIED.
3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered May 1, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge